UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN VAN PAMEL, et al.,

       Plaintiffs,                  Case No. 12-cv-10453
                                              HON. GEORGE CARAM STEEH
vs.

TRW VEHICLE SAFETY SYSTEMS, INC.,
et al.,

       Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION FOR
REHEARING/RECONSIDERATION [#14]

Presently before the court is plaintiffs' motion for rehearing/reconsideration, filed on August 15, 2012. Plaintiffs seek reconsideration of this court's August 1, 2012 order granting defendants' motion to compel arbitration.

Plaintiffs filed the instant action seeking class treatment for former employees and surviving spouses of employees who retired from defendant, TRW Vehicle Safety Systems, and who were represented in collective bargaining by the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW) and UAW 471 (Local 471). Count I alleges a breach of the contractual obligation to provide plaintiffs and the putative class vested, fully paid, lifetime post-retirement health care benefits under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). Count II alleges a violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA").

Plaintiffs raise two arguments in support of their motion for rehearing and/or for reconsideration. First, plaintiffs assert that the court's order contains unfairly prejudicial dicta that the benefits at issue herein were not vested at the time of plaintiffs retirement. Plaintiffs maintain the court's conclusion was unnecessary to resolve whether plaintiffs must arbitrate their claims and "unfairly prejudices them going forward." Dkt. No. 14 at 1. Next, plaintiffs maintain that it was error for this court to fail to address the holding in 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009), and relatedly, this court erred in staying this matter pending arbitration because the practical effect of this stay deprives the plaintiffs' right to pursue their claims under ERISA. Neither of plaintiffs' claimed errors demonstrate a palpable defect by which this court has been misled, the correction of which will result in a different disposition of this case.

Therefore, plaintiffs' motion for rehearing/reconsideration is denied.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(h)(3). As to plaintiffs' first argument, even if the claimed defect--here the dicta concerning whether the benefits were vested at the time of retirement–were corrected, it would not result in a different disposition of this case. Whether plaintiffs' benefits were vested at the time of retirement has no bearing on the question that was before the court–whether plaintiffs are required to arbitrate their LMRA and ERISA claims. The court's ultimate determination that plaintiffs' right to benefits derives from the

-2-

Termination Agreement, which contains a broad arbitration clause covering "any alleged violation of the [collective bargaining agreement], its changes and [the] Termination Agreement" would not change if the court were to correct this alleged defect.

Plaintiffs' second argument concerning this court's failure to address the Supreme Court's decision in 14 Penn Plaza LLC v. Pyett, supra, is also without merit. Plaintiffs argue that under Pyett, this court was required to determine whether the retirees consented to arbitration, and erred in staying the case because this deprives the retirees' right to pursue ERISA claims in federal court as guaranteed under ERISA.

In Pyett, the plaintiff brought an action under the Age Discrimination in Employment Act, 21 U.S.C. § 621 et seq. ("ADEA"). Pyett, 556 U.S. at 251. The Pyett court determined that a provision in a collective bargaining agreement ("CBA") that "clearly and unmistakably" requires union members to arbitrate claims under the ADEA is enforceable as a matter of federal law. Id. at 274. Further, the Pyett court held that parties who agree to arbitrate their claims are required to arbitrate them unless Congress intended "to preclude a waiver of judicial remedies for the statutory rights at issue." Id. at 258.

Plaintiffs are incorrect that the holding in Pyett, and this court's alleged failure to apply it to the facts herein resulted in palpable error. The reasoning and conclusion in Pyett does not alter this court's conclusion that plaintiffs are required to arbitrate their claims. Plaintiffs' ERISA claims are based entirely on the interpretation of the Termination Agreement and the CBAs, therefore their claims fall squarely within the scope of the arbitration provision. Furthermore, plaintiffs have offered no argument or authority for the proposition that Congress intended ERISA claims to be non-arbitrable. "The burden of showing ... legislative intent [to preclude arbitration] lies with the party opposing arbitration."

Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 78 (2d Cir. 1998).  Congress has not evinced an intent to exclude disputes arising under ERISA from arbitration.  See Bird v. Shearson Lehman/Am. Express, Inc., 926 F.2d 116, 118-22 (2d Cir. 1991), cert. denied 501 U.S.1251 (1991); see also Kramer v. Smith Barney, 80 F.3d 1080, 1084 (5th Cir. 1996); Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1115-16 (3d Cir. 1993); Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc., 847 F.2d 475, 479 (8th Cir. 1988).

Therefore, plaintiffs have failed to demonstrate a palpable defect by which this court has been misled, the correction of which will result in a different disposition of this case.

Accordingly,

Plaintiffs' motion for rehearing/reconsideration is DENIED.

SO ORDERED.

Dated:  August 28, 2012

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 28, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk